

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| GERALD P.,                             § | |
|     Plaintiff,              § | |
|                             § | |
| vs.                                    § | CIVIL ACTION NO.  6:24-76-MGL |
|                             § | |
| CAROLYN COLVIN, *Acting Commissioner of* § | |
| *Social Security Administration*,      § | |
|     Defendant.              § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION, REVERSING DEFENDANT'S FINAL DECISION, AND REMANDING TO DEFENDANT FOR FURTHER PROCEEDINGS

This is a Social Security appeal in which Plaintiff Gerald P. seeks judicial review of the final decision of Defendant Carolyn Colvin, Acting Commissioner of Social Security (Colvin), denying his claim for supplemental security income benefits.

The matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court Colvin's decision be reversed under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to Colvin for further proceedings, as discussed in the Report. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 26, 2024, but Colvin failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Colvin's decision is **REVERSED** under sentence four of 42 U.S.C. § 405(g), and the case is **REMANDED** to Colvin for further proceedings, as discussed in the Report.

**IT IS SO ORDERED**.

Signed this 13th day of January, 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
